IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RASHAD MATTHEW RIDDICK, | ) | |
| Plaintiff, | ) | Civil Case No. 7:12cv00376 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FLOYD G. AYLOR, | ) | By: Norman K. Moon |
| Defendant. | ) | United States District Judge |

Rashad Matthew Riddick, a pre-trial detainee proceeding *pro se*, brings this action under 42 U.S.C. § 1983 alleging that he has been subjected to cruel and unusual living conditions. Riddick names Floyd Aylor as the sole defendant to this action; however, he has failed to allege any facts against Aylor. Accordingly, I will dismiss Riddick's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Riddick alleges that he has been housed at the Central Virginia Regional Jail for "a time period exceeding 18 months" and that he has spent all of his time there in segregation. Riddick alleges that the segregation unit is a "severely sense-deprived environment" which has caused him "a perpetual and unbearable amount of stress and anxiety." Riddick alleges that he has been "forced to endure": no outside recreation, no religious services, exercise while shackled and cuffed, and showers in leg irons. Riddick argues that living in these conditions violate his constitutional rights.

**II.**

Riddick names Floyd Aylor as the sole defendant to this action; however, he alleges no facts against Aylor. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the

United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). As Riddick has not alleged any facts against Aylor, I find that he has failed to state a constitutional claim against Aylor.[1]

### III.

For the reasons stated, I will dismiss Riddick's § 1983 action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 27th day of September, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Further, even if Riddick had alleged facts against Aylor or any other defendant, his allegations concerning his living conditions would nevertheless fail to state a claim. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. *Strickler v. Waters*, 989 F.2d 1375, 1380-81 (4th Cir. 1993); *Helling v. McKinney*, 509 U.S. 25 (1993). While segregation conditions may be inconvenient, uncomfortable, and unfortunate, Riddick has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has he alleged that because of the conditions, he has sustained a serious or significant injury or is at risk of a future injury. Therefore, I find that Riddick's allegations fail to state a constitutional claim under the Eighth Amendment.